**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)

STARK & STARK
A Professional Corporation
By: Thomas S. Onder, Esq.
    Joseph H. Lemkin, Esq.
100 American Metro Boulevard
Hamilton, NJ 08619
(609) 219-7458
tonder@stark-stark.com

*Attorneys for Creditor, Bridgewater Regency, LLC*

In re:

Jean-Paul Romes & Lisa A. Romes,

Debtors.

Chapter 11

Case Nos. 24-16283 (JKS)

Hearing Date: 2/25/25 @ 11am
Objection Deadline 2/11/25

**OBJECTION OF BRIDGEWATER REGENCY, LLC TO ENTRY OF AN ORDER APPROVING ADEQUACY OF DISCLOSURE STATEMENT**

Bridgewater Regency, LLC (the "Landlord"), by and through its counsel, hereby files the following objection and reservation of rights (the "Objection") to the adequacy of the above-captioned debtors' (the "Debtors") Disclosure Statement (the "Disclosure Statement"),

**BACKGROUND**

1. Jean-Paul Romes & Lisa A. Romes ("Debtors") filed for bankruptcy protection on June 21, 2024

2. Bridgewater is a creditor and former landlord of Romes Urgent Care Services, LLC dba MedFirst Urgent Care ("Tenant"), a tenant at Chimney Rock Crossing East Shopping Center, Bound Brook, NJ 08805 pursuant to a lease dated December 20, 2018 (the

1

"Lease").

3. Debtors were guarantors of the Lease.

4. On or about July 26, 2024, Bridgewater filed a complaint against tenant and Debtors.

5. Bridgewater was not provided notice of the bankruptcy and was not listed as a creditor.

6. The claims deadline was August 30, 2024.

7. Bridgewater discovered the Debtors filing after the claim's deadline.

8. Once it discovered the bankruptcy filing, Bridgewater ceased pursuing its state court remedies against Debtors.

9. As of the petition date, Bridgewater was owed $149,394.87 in pre-petition rents, plus additional rents including attorneys' fees and costs, future rents, and damages.

10. Bridgewater requested and the Debtors consented to Landlord filing a claim after the bar date.

11. The undersigned counsel forwarded an application and consent order to Debtor's counsel regarding the party's agreement concerning the late claim. Debtor's counsel has yet to return the same and has failed to include information in the Disclosure Statement or Plan regarding Landlord's claim.

## LEGAL DISCUSSION

### I. ADEQUATE INFORMATION STANDARD

12. Under Section 1125(b) of the Bankruptcy Code, a debtor may not solicit the votes of creditors under a plan of reorganization unless the Court has approved a written disclosure statement. A disclosure statement cannot be approved unless it contains "adequate information." 'Adequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of

holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan ….

11 U.S.C. § 1125(a)(1).

13. The primary function of a disclosure statement is to provide creditors with information necessary to determine whether to accept or reject a debtor's plan of reorganization. *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985); *In re Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989). The Bankruptcy Court has "wide discretion to determine on a case-by-case basis whether a disclosure statement contains adequate information …." *Dakota Rail*, 104 B.R. at 143. This Court has developed an oft-cited "nonexclusive and non-exhaustive list of types of information that should be included in a disclosure statement:"

   1. The circumstances that gave rise to the filing of the bankruptcy petition;

   2. A complete description of the available assets and their value;

   3. The anticipated future of the debtor;

   4. The source of the information provided in the disclosure statement;

   5. A disclaimer, which typically indicates that no statements of information concerning; the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

   6. The condition and performance of the debtor while in chapter 11;

   7. Information regarding claims against the estate;

   8. A liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

   9. The accounting and valuation methods used to produce the financial information in the disclosure statement;

   10. Information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

   11. A summary of the plan of reorganization;

12. An estimate of all administrative expenses, including attorneys' fees and accountants' fees;

13. The collectability of any accounts receivable;

14. Any financial information, valuations or *pro forma* projection that would be relevant to creditors' determinations of whether to accept or reject the plan;

15. Information relevant to the risks being taken by the creditors and interest holders;

16. The actual or projected value that can be obtained from avoidable transfers;

17. The existence, likelihood, and possible success of nonbankruptcy litigation;

18. The tax consequences of the plan; and,

19. The relationship of the debtor with affiliates.

*Dakota Rail*, 104 B.R. at 142-43.

14. When ruling on the sufficiency of a disclosure statement, the Court "must distinguish between 1) whether the disclosure statement contains adequate information to allow the typical creditor to make an informed decision on how to vote, and 2) whether the Plan can be confirmed." *Id.* at 143. "[W]here the disclosure statement on its face relates to a plan that cannot be confirmed … the court [has] an obligation not to subject the estate to the expense of soliciting votes and seeking confirmation of the plan; otherwise, confirmation issues are left for later consideration." *Id.* (citing *In re Pecht*, 57 B.R. 137, 139 (Bankr. E.D. Va. 1986)). "Allowing a facially non confirmable plan to accompany a disclosure statement is both inadequate disclosure and a misrepresentation." *Id.*

### II. THE DEBTORS' DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE INFORMATION

15. The Debtors' Disclosure Statement fails to meet the applicable standard for "adequate information" because it fails to give sufficient information for Landlord to make an informed judgment about the proposed plan of reorganization (the "Plan"). Glaringly, the Disclosure Statement and Plan lack any information concerning Landlord's claim and/or the agreement to allow Landlord's

4

late filed claim. Without the foregoing information it is impossible for Landlord to make an informed decision regarding the Plan.

**WHERFORE**, Landlord respectfully request entry of an order denying the approval of Debtors' disclosure statement, and granting such other relief as is just and proper.

Dated: February 4, 2025

Respectfully submitted,

**STARK & STARK**
**A Professional Corporation**


*/s/ Thomas S. Onder*
Thomas S. Onder
Joseph H. Lemkin

*Attorneys for Bridgewater Regency, LLC*

5